## No. 27558

**Nolan L. Brown, District Attorney in and for the First Judicial District, County of Jefferson, State of Colorado v. The District Court in and for the First Judicial District, County of Jefferson, State of Colorado, and the Honorable George G. Priest, one of the Judges thereof**

(569 P.2d 1390)

Decided September 19, 1977.

46

'

Nolan L. Brown, District Attorney, Robert M. Kelly, Deputy, for petitioner.

Donald A. Brenner, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

In this original proceeding, the district attorney seeks relief in the nature of prohibition against an order of the respondent district court. We ordered respondent district court to show cause why its order granting defendant Gary Lee Swingle a preliminary hearing, on a count seeking a mandatory sentence for violent crime, should not be quashed. The respondent has answered. We hold that this defendant is not entitled to a preliminary hearing on this count. Therefore, we make the rule absolute.

Defendant Swingle was first charged with aggravated robbery, in violation of section 18-4-302, C.R.S. 1973. After a preliminary hearing, probable cause was found to exist and the defendant was bound over to the district court for trial. Approximately one month later, the district attorney filed a second count seeking the mandatory sentence for violent crime as provided in section 16-11-309, C.R.S. 1973 (1976 Supp.). The respondent district court granted the defendant's motion for a preliminary hearing on this second count, and it is this ruling which is at issue here.

 Section 16-1-104(14), C.R.S. 1973, defines preliminary hearing as
"a hearing . . . to determine if there is probable cause to believe that an *offense* has been committed and that the person charged committed it." (Emphasis added.)

It is obvious that the legislature intended the violent crimes sentencing statute to be just that — a sentencing provision, and not an offense. A preliminary hearing may be had with regard to offenses only. *See Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889 (1975).

■ Although this sentencing statute requires a specific finding of fact as to whether the accused used or possessed and threatened to use a deadly weapon during the commission of the crime, it does not create a substantive offense. The application of the statute is triggered only after a defendant has been found guilty of the substantive crime, and the special findings relate only to the sentencing for the substantive offense.[1]

■ Like the habitual criminal statute, the statute providing for mandatory sentencing for violent crimes "only prescribes 'circumstances wherein one found guilty of a specific crime may be more severely penalized. . .'" because of the nature of the specific crime. *Maestas v. District Court, supra.* In the *Maestas* case, we held that no preliminary hearing is required for a charge under the habitual criminal statute. The rationale of that case applies with equal force to the "violent crimes" statute involved here.

The rule is made absolute.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissent.

---

[1]An additional indication that the legislature intended that this section define sentencing standards rather than create a substantive offense is its placement in the Colorado Criminal Code among other sections relating to sentencing, in the article entitled "Imposition of Sentence."