Melayne FELTS, Petitioner-Appellant,

v.

COUNTY COURT In and For the COUNTY OF LAS ANIMAS, and the Honorable George Newnam, Judge Thereof, Respondent-Appellee.

No. 85CA0443.

Colorado Court of Appeals, Div. II.

May 1, 1986.

Rehearing Denied June 26, 1986.

Certiorari Denied Sept. 2, 1986.

David F. Vela, Colorado State Public Defender, Denver, Jeff Boyd Herron, Tad Overturf, Deputy State Public Defenders Trinidad, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for respondent-appellee.

BABCOCK, Judge.

In this C.R.C.P. 106 proceeding, petitioner Melayne Felts, appeals the judgment of the Las Animas County District Court which affirmed the determination of the Las Animas County Court that petitioner was not entitled to a preliminary hearing on three of five counts alleged in a felony complaint. We affirm.

## I.

We first address the issue whether the district court and, thus, this court have jurisdiction to determine the merits of the C.R.C.P. 106 petition. *Zaharia v. County Court*, 673 P.2d 378 (Colo.App.1983) is dispositive of this issue. In *Zaharia* it was held that where, as in this case, a lower court has allegedly abused its discretion by failing to follow the necessary procedures in conducting a preliminary hearing, a writ of prohibition may issue. Thus, we conclude that jurisdiction exists under C.R.C.P. 106 to determine whether the county court abused its discretion in denying petitioner's request for preliminary hearing on the three counts in question.

## II.

A felony complaint was filed in the Las Animas County Court charging petitioner with one count of cultivation of marihuana, *see* § 18–18–106(8)(a)(I), C.R.S. (1985 Cum. Supp.), one count of conspiracy to cultivate marihuana, *see* § 18–2–201, C.R.S. (1978 Repl.Vol. 8), and one count each of "special offender" under §§ 18–18–107(1)(b), (c), and (e), C.R.S. (1985 Cum.Supp.). Petitioner contends that the district and county courts erred in their determination that the three counts alleging "special offender" status under § 18–18–107, C.R.S. (1985 Cum. Supp.) did not charge separate substantive offenses, but rather merely represent sentence enhancement provisions which limit the sentencing discretion of the district court. We disagree.

Unless a defendant is charged with a substantive offense, nothing in Crim.P. 5 or § 16–5–301, C.R.S. (1978 Repl. Vol. 8) entitles a defendant to a preliminary hearing. *Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889 (1975). Our following review of the statutory scheme of § 18–18–101, et seq., C.R.S. (1985 Cum. Supp.), convinces us that the provisions of § 18–18–107, do not define substantive offenses, but rather merely represent sentence enhancement provisions which limit the sentencing discretion of the district court. *See Maestas v. District Court, supra; Brown v. District Court*, 194 Colo. 45, 569 P.2d 1390 (1977).

Section 18–18–101, et seq., deal with offenses relating to controlled substances. Section 101 states the legislative declaration and sections 102 and 103 concern definitions. Sections 104, 105, and 106 clearly create substantive criminal offenses. These provisions define certain conduct as unlawful and set the grade of offense. Section 108 provides that certain property used for unlawful activities involving controlled substances may be declared a public nuisance, while section 109 creates a limited exception to criminal liability for those persons authorized by a medical practitioner to possess controlled substances.

Section 18–18–107(1), provides:

"Upon a felony conviction for a violation of part II of article 22 of title 12, C.R.S., or upon a felony conviction under this article, the presence of any one or more of the following extraordinary aggravating circumstances designating the defendant a special offender shall require the court to sentence the defendant to a term greater than the presumptive range for a class II felony but not more than twice the maximum term for a class II felony authorized in the presumptive range for the punishment of such felony."

This subsection continues by listing five circumstances which require this enhanced penalty. *See* § 18–18–107(1)(a), (b), (c), (d), and (e).

Subsection (2) defines several terms used in subsection (1). Subsections (3) and (4) complete section 107 by providing:

"(3) Nothing in this section shall preclude the court from considering aggravating circumstances other than those stated in subsection (1) of this section as a basis for sentencing the defendant to a term greater than the presumptive range for the felony.

"(4) Nothing in this section shall preclude the court from imposing a greater sentence set forth in any other statute."

According to the clear and unambiguous language of this statute, its application is triggered only after a defendant has been found guilty of a substantive drug related offense. Thus, § 18–18–107 does not create a separate substantive offense. *See Brown v. District Court, supra.*

 There being no ambiguity in the statute, we disagree with petitioner's contention that application of the rule of lenity requires a contrary result in this case. The rule of lenity is intended to resolve only an unyielding ambiguity in statutory language; it should not be employed to create a statutory ambiguity in disregard of the clear purpose of the legislative enactment. *See Schubert v. People,* 698 P.2d 788, fn. 12 (Colo.1985); *People v. Lowe,* 660 P.2d 1261 (Colo.1983).

Petitioner's remaining contentions are without merit.

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.