**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Anthony P. GARCIA, Defendant–Appellee.**

No. 07CA1718.

Colorado Court of Appeals, Div. V.

Dec. 27, 2007.

William Thiebaut, Jr., District Attorney, Steven B. Fieldman, Deputy District Attorney, Pueblo, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant–Appellee.

Opinion by Judge ROMÁN.

The People appeal the trial court's order dismissing count one of the information filed against defendant, Anthony P. Garcia. We reverse and remand with directions to reinstate count one.

Defendant was charged in count two with third degree assault, a class one misdemeanor. Count one of the information was a charge of habitual domestic violence offender which, if proven, would enhance the level of the misdemeanor offense to a class five felony. § 18–6–801(7), C.R.S.2007. The information designated count one as a class five felony instead of a sentence enhancement charge.

Defendant requested a preliminary hearing pursuant to section 16–5–301(1), C.R.S. 2007. The prosecution moved to vacate the preliminary hearing, stating, "The only felony charges against the defendant are the habitual counts. The defendant has no right to a preliminary hearing on these matters."

At the preliminary hearing, the prosecutor argued that, because the habitual offender count was a sentence enhancer and not a substantive charge, defendant was not entitled to a preliminary hearing. The trial court concluded that the pertinent language of section 16–5–301(1) allowed defendant to receive a preliminary hearing because the

habitual offender charge carried a mandatory sentence. Because the prosecution did not present evidence on count one, the court dismissed it. The court did not dismiss count two, the assault charge.

The People now appeal the trial court's ruling. *See* C.A.R. 4(b)(3) (the prosecution may appeal an order dismissing one or more but less than all counts of a charging document prior to trial). The People contend defendant is not entitled to a preliminary hearing because count two, the substantive offense with which he was charged, is a misdemeanor, and count one is a sentence enhancer, not a substantive offense. We agree.

Statutes are to be interpreted "according to their plain and ordinary meaning, and a reviewing court must strive to construe a statutory scheme in a manner that gives harmonious and sensible effect to all its parts." *People v. Taylor,* 104 P.3d 269, 271 (Colo.App.2004).

Section 16–5–301(1)(a), C.R.S.2007, which provides for a preliminary hearing in certain cases, states in pertinent part:

> [O]nly those persons accused of a class 4, 5, or 6 felony by direct information or felony complaint *which felony requires mandatory sentencing* ... shall have the right to demand and receive a preliminary hearing within a reasonable time to determine whether probable cause exists to believe that the offense charged in the information or felony complaint was committed by the defendant.

(Emphasis added.) *See also* § 16–5–301(1)(b)(I), C.R.S.2007 ("[n]o person accused of a class 4, 5, or 6 felony by direct information or felony complaint, except those which require mandatory sentencing ... shall have the right to demand or receive a preliminary hearing").

Here, the substantive charge of the information was count two, which charged defendant with misdemeanor third degree assault under section 18–3–204, C.R.S.2007. The trial court concluded that defendant was entitled to a preliminary hearing because count one of the information, if proven, would en-

hance the misdemeanor to a class five felony and would require mandatory sentencing.

However, section 18–6–801(7) permits the enhancement of certain sentences involving domestic violence under the following limited circumstances:

> In the event a person is *convicted* ... *of any offense which would otherwise be a misdemeanor,* the underlying factual basis of which has been found by the court on the record to include an act of domestic violence as defined in section 18–6–800.3(1), [C.R.S.2007,] and that person has been three times previously convicted, upon charges separately brought and tried and arising out of separate and distinct criminal episodes, of a felony or misdemeanor or municipal ordinance violation, the underlying factual basis of which was found by the court on the record to include an act of domestic violence, *the prosecuting attorney may petition the court to adjudge the person an habitual domestic violence offender, and such person shall be convicted of a class 5 felony.* If the person is adjudged an habitual domestic violence offender, the court shall sentence the person pursuant to the presumptive range set forth in section 18–1.3–401[, C.R.S.2007,] for a class 5 felony. The former convictions and judgments shall be set forth in apt words in the indictment or information.

(Emphases added.)

By its plain language, this statute allows the prosecution, upon a defendant's conviction of a misdemeanor involving domestic violence, to petition the court to determine whether the defendant meets the criteria of a habitual domestic violence offender. *Cf.* § 18–1.3–803(1), C.R.S.2007 (after a guilty verdict on the substantive offense, the court must conduct a separate sentencing hearing for the purposes of adjudicating the defendant a habitual criminal). If the court then determines that the defendant has three prior convictions involving domestic violence, the misdemeanor offense becomes a class five felony, and the defendant must be sentenced accordingly.

■ Thus, section 18–6–801(7) is a sentence enhancement statute, not a substantive offense. *Cf. People v. Hodge,* 694 P.2d 1277,

1280 (Colo.App.1984) ("habitual criminal charges are not substantive offenses, are not the subject of a preliminary hearing, and can be bound over to the district court without the establishment of probable cause").

■ Under sections 16–5–301(1) and 18–6–801(7), in order to demand and receive a preliminary hearing, a defendant must be charged with a class four, five, or six felony. Here, the substantive offense with which defendant was charged is a class one misdemeanor. Under section 18–6–801(7), defendant could only stand convicted of a class five felony if he was first convicted of the misdemeanor and subsequently adjudged a habitual offender by the court.

Thus, because count one of the information did not charge defendant with a substantive felony offense requiring mandatory sentencing, the exception in section 16–5–301(1)(a) allowing for a preliminary hearing under such circumstances is inapplicable in this case. *See Maestas v. Dist. Court,* 189 Colo. 443, 445, 541 P.2d 889, 890 (1975) (a defendant is not entitled to a preliminary hearing under section 16–5–301 unless he or she is charged with a substantive felony offense).

Therefore, we conclude that the trial court was not authorized to grant defendant a preliminary hearing under section 16–5–301. *See Taylor,* 104 P.3d at 272–73 (district court lacked the authority to dismiss charges based on the prosecution's inability to proceed at a scheduled, but not statutorily authorized, preliminary hearing).

Consequently, the order is reversed, and the case is remanded with directions to reinstate count one of the information.

Judge GRAHAM and Judge LOEB concur.