2012 COA 156

**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Timothy Wayne SIMPSON, Defendant–Appellee.**

**No. 11CA2431.**

Colorado Court of Appeals, Div. I.

Sept. 13, 2012.

Pete Hautzinger, District Attorney, Bo A. Zeerip, Deputy District Attorney, Grand Junction, CO, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, CO, for Defendant–Appellee.

Opinion by Judge RUSSEL.

¶ 1 The People appeal from a pretrial order dismissing some of the charges that they filed against defendant, Timothy Wayne Simpson. They contend that the court lacked authority to hold a preliminary hearing on two theft counts. We reject the People's arguments and affirm the court's order.

## I.   Background

¶ 2 Simpson is charged with several offenses, including theft and theft by receiving. These two theft counts are charged as class 3 felonies because Simpson is accused of taking property worth $20,000 or more. *See* §§ 18–4–401(1)(a), (2)(d), 18–4–410(1), (5), C.R.S. 2012.

¶ 3 In September 2011, following plea negotiations, the parties appeared in court for entry of a plea. But Simpson did not plead guilty. Instead, he requested a preliminary hearing on the two theft charges. After receiving Simpson's plea of not guilty, the court scheduled a preliminary hearing.

¶ 4 Later, the People moved to vacate the preliminary hearing. They argued that, for both substantive and procedural reasons, the court lacked authority to hold a preliminary hearing. The court denied the People's motion.

¶ 5 A few weeks later, the parties appeared for the preliminary hearing. When the People announced that they would not present evidence of the two thefts, the court dismissed those charges.

¶ 6 The prosecution then filed this appeal.

## II.  Jurisdiction

¶ 7 Before turning to the merits, we address some procedural arguments that Simpson has raised.  We dispose of these quickly:

1.  We have jurisdiction to review the court's order.  *See* § 16–12–102(1), C.R.S.2012 ("Any order of a court that either dismisses one or more counts of a charging document prior to trial or grants a new trial after the entry of a verdict or judgment shall constitute a final order that shall be immediately appealable pursuant to this subsection (1).").

2.  The People filed this appeal eight days after the court entered its order of dismissal.  Under the governing rules, the appeal is timely.  *See* C.A.R. 4(b)(3) (appeal from a pretrial order dismissing counts shall be "conducted pursuant to the procedures set forth in Rule 4.1"); C.A.R. 4.1(b) (appeal must be filed within 14 days).  Contrary to Simpson's view, the deadline runs from the order of dismissal, not the order denying the motion to vacate the preliminary hearing.  *See* C.A.R. 4.1(b) (filing deadline dates "from the entry of the order complained of").

3.  It does not matter that the People could have sought review by appealing the court's ruling after trial.  Both avenues are available as a matter of right.  *Cf. Clark v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 924 F.2d 550, 553 (4th Cir.1991) (party's failure to bring an interlocutory appeal did not waive its right to obtain review on appeal from final judgment).

## III.  On the Merits

¶ 8 The People contend that the court lacked authority to hold a preliminary hearing on Simpson's theft charges.  In support of this contention, they present two separate arguments—one substantive and one procedural.  We consider and reject each argument in turn.

## A.  Substantive Argument

¶ 9 The People's substantive argument centers on a purported difference between offenses and sentence enhancers.  *See generally People v. Leske*, 957 P.2d 1030, 1039 (Colo.1998) (explaining the difference between elements and enhancers).

### 1.  The People's Argument

¶ 10 The People's argument is complicated. For the sake of clarity, we have divided it into its constituent parts.

¶ 11 *a. Major premise.*  As a rule, the defendant may demand a preliminary hearing whenever he is "accused of a class 1, 2, or 3 felony by direct information or felony complaint."  § 16–5–301(1)(a), C.R.S.2012; *see* § 18–1–404(1), C.R.S.2012 (containing identical language); *see also* Crim. P. 7(h).  But a preliminary hearing does not encompass every disputed issue.  The hearing is merely a screening device to determine whether "probable cause exists to believe that the offense charged ... was committed by the defendant."  § 16–5–301(1)(a); *see* § 18–1–404(1).

¶ 12 Because the hearing concerns "the offense charged," it cannot be used to determine the presence or absence of sentence enhancers.  *See People v. Garcia*, 176 P.3d 872, 873–74 (Colo.App.2007) (no preliminary hearing on a habitual domestic violence enhancer); *People v. Hodge*, 694 P.2d 1277, 1280 (Colo.App.1984) (no right to a preliminary hearing on habitual criminal charges).

¶ 13 Therefore, if an offense qualifies as a class 1, 2, or 3 felony, not by virtue of its elements, but through the operation of a statutory sentence enhancer, it does not trigger the right to a preliminary hearing.

¶ 14 *b. Minor premise.*  In a prosecution for theft or theft by receiving, the value of the property taken is a sentence enhancer, not an element of the offense.  *See People v. Jamison*, 220 P.3d 992, 995 (Colo.App.2009) (characterizing the value of the property taken as a sentence enhancer).  Therefore, Simpson's theft charges qualify as class 3 felonies by operation of a sentence enhancer.  *See* §§ 18–4–401(1)(a) & (2)(d), 18–4–410(1) & (5).

¶ 15 *c. Conclusion.* Under these circumstances, Simpson had no right to a preliminary hearing on his theft charges. Therefore, the court exceeded its authority in ordering a hearing on those charges.

### 2. Analysis

¶ 16 We reject the People's argument.

¶ 17 The governing statutes plainly grant the right of preliminary hearing to any defendant who is charged, by information or complaint, with a class 1, 2, or 3 felony:

> Every person accused of a class 1, 2, or 3 felony by direct information or felony complaint has the right to demand and receive a preliminary hearing within a reasonable time to determine whether probable cause exists to believe that the offense charged in the information or felony complaint was committed by the defendant.

§ 16–5–301(1)(a); *see* § 18–1–404(1) (containing substantially identical language).

¶ 18 We see no textual support for the view that the right of preliminary hearing is limited to certain kinds of class 1, 2, or 3 felonies. The statutes do not suggest that the defendant may demand a preliminary hearing only if the charged offense qualifies as a class 1, 2, or 3 felony on its elements. Nor do they suggest that the right is abridged if the felony classification results from the operation of a statutory sentence enhancer.

¶ 19 We therefore conclude, contrary to the People's view, that a defendant is entitled to a preliminary hearing whenever he is charged, by information or complaint, with a class 1, 2, or 3 felony.

¶ 20 Because we reject the People's major premise, we need not evaluate their minor premise. For our purposes, it does not matter whether the value of the property taken is an element or an enhancer in a prosecution for theft or theft by receiving. What matters is that (1) Simpson was charged with class 3 felonies, and (2) he can be convicted of those class 3 felonies only if the prosecution proves beyond a reasonable doubt that the property taken was worth $20,000 or more. *See* §§ 18–4–401(2)(d), 18–4–410(5). (In other words, the value of the property—whether regarded as an element or an enhancer—is part of "the offense charged," within the meaning of sections 16–5–301(1)(a) and 18–1–404(1).)

¶ 21 On the strength of those observations, we conclude that Simpson was entitled to a preliminary hearing.

¶ 22 Our conclusion does not conflict with any binding precedent. The supreme court has twice ruled that defendants are not entitled to preliminary hearings on sentence-enhancing counts. *See Brown v. District Court,* 194 Colo. 45, 46–47, 569 P.2d 1390, 1391 (1977) (no right to preliminary hearing on a count that charged a crime-of-violence enhancer); *Maestas v. District Court,* 189 Colo. 443, 445, 541 P.2d 889, 890–91 (1975) (no preliminary hearing on habitual criminal charges). And divisions of this court have followed suit. *See, e.g., Felts v. County Court,* 725 P.2d 61, 62 (Colo.App.1986) (no preliminary hearing on a controlled substances sentence enhancer); *Hodge,* 694 P.2d at 1280 (following *Maestas* ). But our analysis squares with those decisions. In each of the cases cited, the defendant had a right to a preliminary hearing on his substantive charges, but no right to a preliminary hearing on a count that separately charged a sentence enhancer only. Here, in contrast, we are focused, not on a stand-alone sentence enhancer, but on a substantive count which includes a fact that is part of the offense charged (even if that fact is a sentence enhancer).

¶ 23 We are not dissuaded by *People v. Garcia,* 176 P.3d 872 (Colo.App.2007). In that case, a division of this court held that the defendant was not entitled to a preliminary hearing because his substantive offense was only a misdemeanor. In reaching that conclusion, the division discounted—as a mere sentence enhancer—a separate count that (1) would have changed the classification of the substantive offense from a misdemeanor to a class 5 felony, and (2) would have triggered mandatory sentencing. *Id.* at 873–74 (construing a habitual domestic violence count, filed under section 18–6–801(7), C.R.S. 2012).

¶ 24 It may be that *Garcia* is distinguishable:

- In *Garcia,* the sentence-enhancing count was separate from the substantive charge. The events that would have satisfied the enhancer—prior domestic violence convictions—did not occur as part of the charged incident. And the existence of those events would have been determined by the judge, not the jury. *Garcia,* 176 P.3d at 873–74. Thus, in *Garcia,* the sentence enhancer could arguably be regarded as something apart from "the offense charged," within the meaning of sections 16–5–301(1)(a) and 18–1–404(1).

- Here, as noted, there is no separate sentence-enhancing count. There is only a substantive count which includes a fact—the value of the property taken—that pertains to the charged incident and that must be determined, along with other pertinent facts, by the jury. Thus, the value of the property is part of "the offense charged," even if it is a sentence enhancer.

But to the extent that *Garcia* conflicts with our analysis, we decline to follow it. *See Am. Family Mut. Ins. Co. v. Murakami,* 169 P.3d 192, 193 (Colo.App.2007) (a division of the court of appeals is not bound by the decision of another division). In our view, *Garcia* attaches too great a significance to the distinction between elements and enhancers.[1]

### B. Procedural Argument

¶ 25 The People's procedural argument is simpler. They contend that, once Simpson entered his plea of not guilty, the trial court lost authority to conduct a preliminary hearing. We reject this argument.

¶ 26 Under the governing procedural rules, preliminary hearings typically occur before the defendant enters a plea. *See* Crim. P. 7(h)(1) ("The request for a preliminary hearing shall be made prior to plea. . . ."); Crim. P. 7(h)(3) ("The defendant shall not be called upon to plead at the preliminary hearing."); Crim. P. 10 ("Following preliminary proceedings pursuant to the provisions of Rules 5, 7, and 12, the arraignment shall be conducted in open court, informing the defendant of the offense with which he is charged, and requiring him to enter a plea to the charge.").

¶ 27 But the rules do not suggest that the court loses authority to conduct a preliminary hearing once the plea is entered. On the contrary, they contemplate that the court may order a preliminary hearing afterward. *See* Crim. P. 7(h)(1) ("The trial court may permit a request for a preliminary hearing to be made after a plea only upon a showing of good and sufficient cause.").

¶ 28 Here, Simpson requested a preliminary hearing before entering his plea. (This act plainly satisfied the text of Crim. P. 7(h)(1).) The court convened the preliminary hearing later, but we see nothing wrong in that. *See* § 16–7–203, C.R.S.2012 (an irregularity in the arraignment that does not affect the defendant's substantial rights "shall [not] affect the validity of any proceeding"); *People v. Adargo,* 622 P.2d 593, 594 (Colo.App. 1980) (while Crim. P. 10 and §§ 16–7–201 to –208, C.R.S.2012, set forth the necessary elements of an arraignment, they "have not created a ritual from which a court cannot deviate"). Simpson did not waive his right to a preliminary hearing by entering his plea first.

¶ 29 The order is affirmed.

Judge TAUBMAN and Judge J. JONES concur.

---

1. We note that *Garcia* has been criticized in the opposite way. *See People v. Schreiber,* 226 P.3d 1221, 1225–26 (Colo.App.2009) (Bernard, J. concurring in part and dissenting in part) (because preliminary hearings concern elements only, the *Garcia* division was incorrect in characterizing the habitual domestic violence count as a sentence enhancer).