Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 19, 2019

**2019 CO 13**

**No. 18SA224,** *In re People v. Tafoya*—**Sentencing and Punishment**—**Criminal Law**—
**Preliminary Hearings.**

In this original proceeding pursuant to C.A.R. 21, this court reviews the district

court's ruling denying Petitioner a preliminary hearing when she was charged with

Driving Under the Influence ("DUI")—fourth or subsequent offense, a class four felony

under section 42-4-1301(1)(a), C.R.S. (2018), and is being held in custody on that charge.

The supreme court issued a rule to show cause and now makes the rule absolute.

Section 16-5-301(1)(b)(II), C.R.S. (2018), provides that a defendant who is accused of a

class four, five, or six felony and is in custody for that offense "may demand and shall

receive a preliminary hearing."  Here, the legislature amended the DUI statute to provide

that DUI is a class four felony if the violation occurred after three or more prior

convictions arising out of separate and distinct criminal episodes, the complaint and

information accused Petitioner of committing that class four felony, and she is being held

in custody on that charge.  Accordingly, under the plain language of the statute,

Petitioner was entitled to a preliminary hearing, and the district court erred in denying

her request for such a hearing.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

### 2019 CO 13

**Supreme Court Case No. 18SA224**
*Original Proceeding Pursuant to C.A.R. 21*
Mesa County District Court Case No. 18CR772
Honorable Gretchen Larson, Judge

**In Re**

**Plaintiff:**

The People of the State of Colorado,

v.

**Defendant:**

Elizabeth Renee Tafoya.

**Rule Made Absolute**
*en banc*
February 19, 2019

**Attorneys for Plaintiff:**
Daniel P. Rubenstein, District Attorney, Twenty-First Judicial District
Bradley E. Smith, Deputy District Attorney
    *Grand Junction, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Kevin Vermillion, Deputy Public Defender
    *Grand Junction, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1     In this original proceeding pursuant to C.A.R. 21, we review the district court's ruling denying Elizabeth Tafoya a preliminary hearing when she was accused of a class four felony and is being held in custody on that charge. Tafoya was charged with, among other things, Driving Under the Influence ("DUI")—fourth or subsequent offense, a class four felony under section 42-4-1301(1)(a), C.R.S. (2018). Tafoya requested a preliminary hearing on that charge, but the district court denied her request, finding that the DUI count was substantively a misdemeanor that could only be elevated to a felony by way of a sentence enhancer. Accordingly, in the court's view, Tafoya was not entitled to a preliminary hearing on that count.

¶2     We issued a rule to show cause and now make the rule absolute. Section 16-5-301(1)(b)(II), C.R.S. (2018), provides that a defendant who is accused of a class four, five, or six felony and is in custody for that offense "may demand and shall receive a preliminary hearing." Here, the legislature amended the DUI statute to provide that DUI is a class four felony if the violation occurred after three or more prior convictions arising out of separate and distinct criminal episodes, the complaint and information accused Tafoya of committing that class four felony, and she is being held in custody on that charge. Accordingly, under the plain language of the statute, Tafoya was entitled to a preliminary hearing, and the district court erred in denying her request for such a hearing.

## I.  Facts and Procedural History

¶3     Just after midnight, Deputy Bailey noticed a green sedan run a stop sign, and he activated his lights to initiate a traffic stop. The car sped away, however, and Deputy

Bailey gave chase, ultimately getting close enough to read the car's license plate number, which he then reported to dispatch. The license plate number matched that of a car belonging to Tafoya. Eventually, the officer abandoned his pursuit of the car.

¶4 Shortly thereafter, other deputies in the area reported seeing the car, and two of the deputies were able to describe the driver as a Hispanic female with curly black hair. Several state patrol troopers, together with Deputy Bailey, set up a perimeter around the area where the car was last seen, but the driver successfully eluded them.

¶5 Later that afternoon, the car was found abandoned in a residential area. Deputies searched the car, and inside they found numerous items, including Tafoya's social security card, a couple of family photos, and an empty wine glass.

¶6 One week later, the Mesa County Sheriff's Office completed and submitted to the court a warrantless arrest affidavit for Tafoya. This affidavit alleged a number of counts but notably did not include a DUI charge. The court ruled that probable cause existed for the listed charges, and Tafoya was subsequently arrested. Due to her inability to post bond, she has remained in custody since that time.

¶7 Several days after the court's probable cause determination, the prosecution filed a complaint and information. As pertinent here, the prosecution now charged Tafoya with one count of DUI—fourth or subsequent offense, a class four felony under section 42-4-1301(1)(a); two counts of vehicular eluding, a class five felony under section 18-9-116.5, C.R.S. (2018); one count of criminal mischief, a class six felony pursuant to sections 18-4-501(1) and (4)(d), C.R.S. (2018); several misdemeanor and traffic charges; and three habitual criminal counts.

3

¶8 In accordance with section 16-5-301(1)(b)(II) and Crim. P. 7(h), Tafoya requested a preliminary hearing on all of the felony counts, including the DUI count. As to the DUI count, she argued that she was entitled to a preliminary hearing because section 16-5-301(1)(b)(II) provides that a defendant who is accused of a class four felony and is in custody for that charge is entitled to a preliminary hearing.

¶9 The prosecution agreed in part, asserting that Tafoya was entitled to a preliminary hearing on all of the felony counts except for the DUI count. Relying on *People v. Garcia*, 176 P.3d 872 (Colo. App. 2007), among other cases, the prosecution argued that Tafoya was not entitled to a preliminary hearing on the DUI count because that offense is substantively a misdemeanor that rises to the level of a felony only based on separate habitual criminality sentence enhancers.

¶10 In an oral ruling, the district court agreed with the prosecution and denied Tafoya's request for a preliminary hearing on the DUI count. Specifically, the court concluded that the DUI count was a misdemeanor and that it would only be elevated to a felony were the prosecution to prove three or more prior offenses at trial. The court explained that "this is very similar to the factual situation in the *Garcia* case where it's prior criminality which aggravates it from a misdemeanor to a felony, not something within the crime itself which can vary the level of felony or misdemeanor."

¶11 Tafoya subsequently filed the present C.A.R. 21 petition, and we issued a rule to show cause.

4

## II. Analysis

¶12    We begin by discussing our jurisdiction to hear this matter. We then proceed to discuss section 16-5-301(1)(b)(II) and the DUI statute, and we conclude that a defendant is entitled to a preliminary hearing when she is accused of a class four, five, or six felony and is in custody for that charge. Applying those criteria to the case before us, we further conclude that Tafoya is entitled to a preliminary hearing in this case because she was accused of a class four felony under section 42-4-1301(1)(a) and is being held in custody on that charge.

### A. Original Jurisdiction

¶13    The exercise of our original jurisdiction under C.A.R. 21 rests within our sole discretion. *Fognani v. Young*, 115 P.3d 1268, 1271 (Colo. 2005). An original proceeding under C.A.R. 21 is an extraordinary remedy that is limited both in its purpose and availability. *Wesp v. Everson*, 33 P.3d 191, 194 (Colo. 2001). As pertinent here, we have exercised our jurisdiction under C.A.R. 21 when an appellate remedy would be inadequate, *Fognani*, 115 P.3d at 1271, and when a party may suffer irreparable harm absent relief under C.A.R. 21, *People v. Turner*, 109 P.3d 639, 641 (Colo. 2005). We have also exercised our discretion under C.A.R. 21 to hear cases that "raise issues of significant public importance that we have not yet considered." *Wesp*, 33 P.3d at 194.

¶14    A preliminary hearing is designed to provide a judicial determination as to whether probable cause exists to believe that the charged offense was committed by the defendant. § 16-5-301(1)(a); Crim. P. 7(h); *see also Harris v. Dist. Court*, 843 P.2d 1316, 1319 (Colo. 1993) (noting an accused's statutory right to a preliminary hearing before a judge

5

to determine whether probable cause exists to permit a trial of the charged offense). Here, the district court found that Tafoya's class four felony DUI charge did not qualify for a preliminary hearing because, pursuant to *Garcia*, this charge amounted, in substance, to a misdemeanor with a separate habitual criminality sentence enhancer.

¶15 For three primary reasons, we deem it appropriate to exercise our discretion under C.A.R. 21 to hear this matter. First, a number of district courts have split on the question of the applicability of section 16-5-301(1)(b)(II) to Colorado's DUI statute, section 42-4-1301(1)(a), and this issue is likely to recur. Second, because the district court's alleged error involves the right to a preliminary hearing and that right would be moot after trial, any appellate remedy that Tafoya might have would be inadequate. Third, we view the question presented as one of significant public importance because, among other things, (1) it results from the recent statutory amendment creating the crime of felony DUI and (2) as noted above, it has already divided a number of district courts, including several courts within Mesa County.

## B. Section 16-5-301(1)(b)(II) and the DUI Statute

¶16 Tafoya argues that she is entitled to a preliminary hearing under the plain language of section 16-5-301(1)(b)(II) and Crim. P. 7(h). We agree.

¶17 We review questions of statutory interpretation de novo. *People v. Griego*, 2018 CO 5, ¶ 25, 409 P.3d 338, 342. In construing a statute, we interpret the plain language of that statute to give full effect to the legislature's intent. *Id.* When the statutory language is clear, we apply its plain and ordinary meaning. *Id.* In doing so, we give consistent, harmonious, and sensible effect to all of its parts, "and we interpret every word,

rendering no words or phrases superfluous and construing undefined words and phrases according to their common usage." *Id.*

¶18 Section 16-5-301(1)(b)(II) provides, in pertinent part:

> Any defendant *accused of* a class 4, 5, or 6 felony or level 3 or level 4 drug felony who is not otherwise entitled to a preliminary hearing pursuant to subparagraph (I) of this paragraph (b), may demand and *shall receive* a preliminary hearing within a reasonable time pursuant to paragraph (a) of this subsection (1), if the defendant is in custody for the offense for which the preliminary hearing is requested.

(Emphases added.)

¶19 Crim. P. 7(h)(1) likewise states, in pertinent part, "[A]ny defendant *accused of* a class 4, 5, or 6 felony or a level 3 or 4 drug felony who is not otherwise entitled to a preliminary hearing may request a preliminary hearing if the defendant is in custody for the offense for which the preliminary hearing is requested . . . ." (Emphasis added.)

¶20 In our view, the foregoing statute and rule plainly indicate that a defendant is entitled to a preliminary hearing on a charge if (1) that charge accuses the defendant of a class four, five, or six felony and (2) the defendant is in custody for that offense. The question thus becomes whether Tafoya was accused of a class four felony DUI here, or whether, in substance, she was charged with a misdemeanor DUI and a separate sentence enhancer.

¶21 Section 42-4-1301(1)(a) provides, in pertinent part:

> A person who drives a motor vehicle or vehicle under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, commits driving under the influence. Driving under the influence is a misdemeanor, but it is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes . . . .

7

¶22    Section 42-4-1301(1)(j), in turn, provides that if a person has prior DUI convictions, then "[t]he prosecution shall set forth such prior convictions in the indictment or information."

¶23    And section 42-4-1307(6.5), C.R.S. (2018), refers to "[a] person who commits a felony DUI."

¶24    Because these provisions authorize the People to charge certain repeat DUI offenders with a class four felony (and expressly require the People to set forth the prior convictions in the indictment or information if they do), and because the complaint in this case unequivocally accuses Tafoya of the authorized class four felony, we conclude that, under section 16-5-301(1)(b)(II)'s plain language, Tafoya was entitled to a preliminary hearing on the felony DUI count in this case.

¶25    We are not persuaded otherwise by the People's and the district court's reliance on *Garcia*. In that case, count two charged the defendant with third degree assault, a class one misdemeanor, and count one charged him as a habitual domestic violence offender, which, if proven, would enhance the level of the misdemeanor offense to a class five felony. *Garcia*, 176 P.3d at 872. The defendant requested a preliminary hearing, but the prosecution opposed that request, arguing that the defendant had no right to a preliminary hearing because the only felony charge was the habitual offender count and that count was a sentence enhancer and not a substantive offense. *Id.* The district court disagreed and concluded that section 16-5-301(1) entitled the defendant to a preliminary hearing because the habitual offender charge carried a mandatory sentence. *Id.* at

872–73.  And because the prosecution did not present evidence on the habitual offender count at the preliminary hearing, the court dismissed that count.  *Id.* at 873.

¶26    The People appealed, and a division of the court of appeals reversed.  *Id.* at 874.  As pertinent here, the division concluded that the defendant was not entitled to a preliminary hearing on the habitual offender count because (1) the substantive offense with which the defendant was charged was the class one misdemeanor third degree assault count and (2) the defendant could only stand convicted of a class five felony if he were first convicted of that misdemeanor and then subsequently adjudged a habitual offender under section 18-6-801(7), C.R.S. (2018), which was a separate sentencing enhancement statute.  *Id.* at 873–74.  The division thus opined that, because the third degree assault count did not charge the defendant with a substantive felony offense, he was not entitled to a preliminary hearing.  *Id.* at 874.[1]

¶27    Here, in contrast, section 42-4-1301(1)(a) and its related penalty provisions alternately accord the prior convictions qualities of both elements of an offense and sentence enhancers.  Moreover, as noted above, section 42-4-1301(1) authorizes the People

---

[1] *Maestas v. District Court*, 541 P.2d 889 (Colo. 1975), and *Brown v. District Court*, 569 P.2d 1390 (Colo. 1977), likewise involved defendants who were charged with substantive offenses and then, under separate statutes, with sentence enhancements.  *See Brown*, 569 P.2d at 1391; *Maestas*, 541 P.2d at 890.  In both cases, we concluded that the defendants were not entitled to preliminary hearings.  *See Brown*, 569 P.2d at 1391 (concluding that no preliminary hearing was required for a violent crime enhancer); *Maestas*, 541 P.2d at 890 (concluding that no preliminary hearing was required for a charge under the habitual offender statute because that statute did not define a substantive offense).

to charge certain repeat DUI offenders with a class four felony (and requires the People to set forth the prior convictions in the indictment or information), and the People did so here. And regardless of whether Tafoya's prior convictions could be deemed sentence enhancers, the prosecution "accused" Tafoya of committing a class four felony DUI, and she remains in custody on that charge.

¶28 Accordingly, under the express language of section 16-5-301(1)(b)(II), Tafoya is entitled to a preliminary hearing. *See People v. Simpson*, 2012 COA 156, ¶¶ 20–21, 292 P.3d 1153, 1156 (noting, in concluding that the defendant was entitled to a preliminary hearing on charges of theft and theft by receiving as class three felonies, that (1) it did not matter whether the value of the property taken was an element or sentence enhancer and (2) what mattered was that the defendant was charged with class three felonies and that he could only be convicted of those felonies if the prosecution proved beyond a reasonable doubt that the property taken was worth $20,000 or more).[2]

---

[2] We recognize that section 42-4-1301(1)(a) raises difficult questions regarding (1) the evidence that the prosecution must present at the preliminary hearing that section 16-5-301(1)(b)(II) envisions for an in-custody defendant charged with a class four felony DUI and (2) whether a repeat DUI offender's prior convictions are elements of a felony DUI that must be proved at trial. These questions are inherent in the fact, noted above, that section 42-4-1301(1)(a) and its related penalty provisions alternately accord the prior convictions qualities of both elements of an offense and sentence enhancers. No party, however, has asked us to decide these difficult questions in this case, nor have those issues been briefed before us. Accordingly, we cannot properly decide these issues, and we express no opinion on them. We note, however, that our General Assembly may wish to address these matters in order to clarify its intent in enacting section 42-4-1301(1)(a) and its related penalty provisions.

10

## III. Conclusion

¶29    Because Tafoya was accused of a class four felony DUI and was in custody for that charged offense, we conclude that, under the plain language of section 16-5-301(1)(b)(II), she was entitled to a preliminary hearing on that charge.

¶30    Accordingly, we make the rule to show cause absolute.