Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

March 2, 2020

**2020 CO 18**

**No. 19SA230, *People v. Vanness*—Entitlement to Preliminary Hearing—Special Offender Count—Defendant "Accused" of Level 1 Drug Felony.**

In this original proceeding, the supreme court addresses whether the defendant has a right to demand and receive a preliminary hearing given that: (1) he is charged with a level 4 drug felony not eligible for a preliminary hearing; (2) he is separately charged with a special offender count; and (3) he will stand convicted of a level 1 drug felony eligible for a preliminary hearing if the People prove both counts beyond a reasonable doubt to the jury. The court concludes that the defendant is entitled to demand and receive a preliminary hearing because the People have accused him of a level 1 drug felony and have charged him accordingly (albeit through a combination of two separate counts). Therefore, the court makes the rule to show cause absolute.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

## 2020 CO 18

---

### Supreme Court Case No. 19SA230
*Original Proceeding Pursuant to C.A.R. 21*
La Plata County District Court Case No. 19CR355
Honorable William L. Herringer, Judge

---

### In Re

### Plaintiff:

The People of the State of Colorado,

v.

### Defendant:

Donald Vernon Vanness.

---

### Rule Made Absolute
*en banc*
March 2, 2020

---

**Attorneys for Plaintiff:**
Christian Champagne, District Attorney
Sean Murray, Deputy District Attorney
Zach Rogers, Deputy District Attorney
   *Durango, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Jonathan Jourdane, Deputy Public Defender
Katie Polonsky, Deputy Public Defender
   *Durango, Colorado*

**Attorneys for Honorable William L. Herringer:**
Philip J. Weiser, Attorney General
Grant T. Sullivan, Assistant Solicitor General
*Denver, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.

¶1     This is the fourth case to reach us since 2018 asking us to determine whether the defendant is entitled to a preliminary hearing.  *See People v. Rowell*, 2019 CO 104, 453 P.3d 1156; *People v. Tafoya*, 2019 CO 13, 434 P.3d 1193; *People v. Austin*, 2018 CO 47, 419 P.3d 587.  The question we address today is whether the defendant, Donald Vernon Vanness, has a right to demand and receive a preliminary hearing given that: (1) he is charged with a level 4 drug felony not eligible for a preliminary hearing; (2) he is separately charged with a special offender count; and (3) he will stand convicted of a level 1 drug felony eligible for a preliminary hearing if the People prove both counts beyond a reasonable doubt to the jury.  We follow in the footsteps of *Tafoya* and hold that he does.

¶2     After the district court denied Vanness's request for a preliminary hearing, he filed a C.A.R. 21 petition invoking our original jurisdiction.  We issued a rule to show cause.  Because we disagree with the district court and conclude that Vanness is entitled to a preliminary hearing, we now make the rule absolute.

## I.  Procedural History

¶3     In their original complaint, the People charged Vanness with a single count of possession of more than two grams of methamphetamine (a schedule II controlled substance) in violation of section 18-18-403.5(1), (2)(a), C.R.S. (2019), a level 4 drug felony.  The parties agree that Vanness was not entitled to a preliminary hearing on that charge because he posted bond and the charge does

3

not involve mandatory sentencing, is not a crime of violence, and is not a sexual offense. *See* § 16-5-301(1)(b)(I), (II), C.R.S. (2019); Crim. P. 7(h)(1). A couple of months later, though, the People amended the complaint to add "Count 2–Special Offender (DF1)"[1] pursuant to the "special offender" statute, section 18-18-407(1)(d)(II), C.R.S. (2019). Count 2 alleges the presence of a statutory "aggravating circumstance" when Vanness "committed the felony offense charged in count 1." More specifically, it alleges that Vanness or a confederate "possessed a firearm in a vehicle [Vanness] was occupying." At trial, if the People prove counts 1 and 2 beyond a reasonable doubt to the jury, Vanness will be guilty of a level 1 drug felony. *See* § 18-18-407(1)(d)(II).

¶4 Immediately after the People added count 2, Vanness demanded a preliminary hearing pursuant to section 16-5-301(1)(a), which provides that "[e]very person accused of a . . . level 1 . . . drug felony . . . has the right to demand and receive a preliminary hearing within a reasonable time."[2] *Accord* Crim. P. 7(h)(1). The People orally objected, arguing that the special offender count is a "sentence enhancing" count and "sentence enhancers do not give" defendants "a right to a preliminary hearing." The district court agreed with the People. It found

---

[1] "DF1" stands for Drug Felony 1 or level 1 drug felony.

[2] Section 18-1-404, C.R.S. (2019), is similar to section 16-5-301. Because any differences are not material to our analysis, we discuss only section 16-5-301.

that the legislature has distinguished between "elements of the charge" and "sentenc[e] enhancer[s]" for purposes of determining eligibility for a preliminary hearing. Therefore, reasoned the court, while Vanness may demand that the People prove the special offender allegation beyond a reasonable doubt to the jury, he is not entitled to request and receive a preliminary hearing on count 2.

¶5 After its oral ruling, the court remarked that this is a confusing area of the law. It thus decided to give the parties an opportunity to brief the matter. When defense counsel indicated, for scheduling purposes, that she intended to file a C.A.R. 21 petition in the event of an adverse ruling, the court welcomed the announcement, noting the need for clarity on this issue.

¶6 Thereafter, in response to the defense's brief, the People did an about-face. They informed the court that after consulting with the Attorney General and reviewing the pertinent caselaw further, they had determined that the court should hold a preliminary hearing on count 2.[3] In support of their 180-degree change, the People cited *People v. Simpson*, 2012 COA 156, 292 P.3d 1153.

---

[3] The People implied that Vanness was entitled to a preliminary hearing only on count 2. But this limitation seems meaningless because count 2 alleges that *Vanness committed the offense charged in count 1* and that Vanness or a confederate possessed a firearm in a vehicle Vanness was occupying.

¶7    In *Simpson*, the People argued that the defendant did not qualify for a preliminary hearing because the charges (theft and theft by receiving) were elevated to class 3 felonies that qualified for a preliminary hearing, not by virtue of their elements, but through the operation of a statutory sentence enhancer (the value of the property taken). *Id.* at ¶¶ 10–15, 292 P.3d at 1155–56. The division disagreed, explaining that it did not matter "whether the value of the property taken [was] an element or an enhancer." *Id.* at ¶ 20, 292 P.3d at 1156. What mattered, according to the division, was that the defendant faced "class 3 felonies" and could not be convicted of such felonies unless "the prosecution prove[d] beyond a reasonable doubt" to the jury the value of the property. *Id.* Thus, concluded the division, regardless of whether it was considered an element or a sentence enhancer, the value of the property was "part of 'the offense charged'" within the meaning of section 16-5-301(1)(a). *Id.*

¶8    After reviewing the briefs submitted by Vanness and the People, the district court issued a written order. Though acknowledging the parties' agreement, it denied Vanness's request for a preliminary hearing. Relying on *Felts v. County Court*, 725 P.2d 61 (Colo. App. 1986), a case it considered itself bound by, the district court concluded that "a defendant is not entitled to a preliminary hearing on a separate special offender count." In *Felts*, the People charged the defendant with two marijuana-related offenses and three separate special offender counts.

*Id.* at 62. Following its determination that the special offender counts did not charge substantive offenses but merely represented sentence enhancers, the court of appeals held that the defendant was not entitled to a preliminary hearing on those counts. *Id.*

¶9     The district court found *Felts* more persuasive than *Simpson*. It observed that in *Simpson* each theft-related count charged a substantive offense that *included within it* a fact (the value of the property allegedly taken) that may have been deemed "a sentence enhancer," whereas *Felts* involved substantive offenses and "*separately charged* sentence enhancer[s]." (Emphasis added.)[4] Because *Felts* was more similar than *Simpson* to this case, the court adhered to *Felts*.

¶10     Vanness then filed a C.A.R. 21 petition, and we issued a rule to show cause. The People have now changed their position yet again and ask us to uphold the district court's order by discharging the rule.

---

[4] In *Simpson*, the division distinguished *Felts* on a similar basis. *Simpson*, ¶ 22, 292 P.3d at 1156 (explaining that the defendant in *Felts* "had a right to a preliminary hearing on his substantive charges" and no such right "on a count that separately charged a sentence enhancer only," whereas Simpson had a right to a preliminary hearing on "a substantive count which include[d] a fact that [was] part of the offense charged (even if that fact [was] a sentence enhancer)").

## II. Jurisdiction

¶11 We have sole discretion to determine whether to exercise our original jurisdiction pursuant to Rule 21. *See* C.A.R. 21(a)(1) ("Relief under this rule . . . is a matter wholly within the discretion of the supreme court."); *Rowell*, ¶ 9, 453 P.3d at 1159. But relief under Rule 21 is "an extraordinary remedy that is limited in both purpose and availability." *Rowell*, ¶ 9, 453 P.3d at 1159 (quoting *People in Interest of T.T.*, 2019 CO 54, ¶ 16, 442 P.3d 851, 855–56); *accord* C.A.R. 21(a)(1) ("Relief under this rule is extraordinary in nature . . . ."). A review of our jurisprudence reflects that we have exercised our jurisdiction in circumscribed situations, such as "when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, or when a petition raises issues of significant public importance that we have not yet considered." *Rowell*, ¶ 9, 453 P.3d at 1159 (citations omitted).

¶12 In urging us to exercise our original jurisdiction, Vanness contends that a Rule 21 proceeding is the only adequate appellate remedy and that his petition raises an issue of first impression that is of significant public importance. We agree on both fronts.

¶13 First, there is no other adequate remedy because the question we confront is whether Vanness is entitled to a preliminary hearing, which is "a *pretrial screening device*." *Id.* at ¶ 11, 453 P.3d at 1159. To the extent Vanness has a right

to a preliminary hearing—and, as indicated, we conclude he does—that right will be rendered moot after trial. *See id.* Hence, requiring Vanness to raise his claim on direct appeal (in the event of a conviction) "is not an adequate remedy." *Id.* And we are unaware of any other appropriate remedy. *Id.*

¶14 Second, Vanness advances an issue of first impression that is of significant public importance. A preliminary hearing is a procedural safeguard that "seeks to 'protect[] the accused' by ensuring 'that the prosecution can at least sustain the burden of proving probable cause.'" *Id.* at ¶ 12, 453 P.3d at 1159 (alteration in original) (quoting *Hunter v. Dist. Court*, 543 P.2d 1265, 1267 (Colo. 1975)). Without such a hearing, a defendant might improperly remain in custody until trial. *Id.*

¶15 Additionally, we have never addressed whether a defendant facing the types of charges brought against Vanness is entitled to a preliminary hearing. Further, we believe that this is a question that's likely to come up again. We note that the district court commented on the complexity of determining whether someone in Vanness's shoes qualifies for a preliminary hearing. Defense counsel echoed that sentiment. And the People opposed Vanness's request, then agreed with it, and now oppose it again, suggesting that they, too, are unclear about the merits of Vanness's claim. That this is fertile ground for confusion seems like a foregone conclusion. Accordingly, it behooves us to provide some guidance.

## III. Standard of Review

¶16   Whether Vanness is entitled to a preliminary hearing is a question of law. *Id.* at ¶ 14, 453 P.3d at 1159.  We review questions of law de novo.  *Id.*

## IV. Analysis

¶17   The preliminary hearing statute, section 16-5-301, entitles a defendant "accused of" a level 1 drug felony to demand and receive a preliminary hearing to determine whether there is probable cause to believe that he committed "the offense charged."   § 16-5-301(1)(a).   Likewise, Crim. P. 7(h)(1) authorizes a preliminary hearing in any case in which a complaint is filed "charging" a level 1 drug felony.  Giving the words and phrases in the statute and rule their plain and ordinary meaning, we conclude that Vanness is entitled to a preliminary hearing because the People have accused him of a level 1 drug felony and have charged him accordingly (albeit through a combination of two separate counts).   In construing a statute, "our primary goal is to ascertain and give effect to the legislature's intent by looking first to the statute's language, giving words and phrases their plain and ordinary meanings."  *Walton v. People*, 2019 CO 95, ¶ 10, 451 P.3d 1212, 1215.  "We apply the[] same principles of statutory interpretation to rules of criminal procedure . . . ."  *People v. Baker*, 2019 CO 97M, ¶ 14, 452 P.3d 759, 762.

¶18 Our recent decision in *Tafoya* informs today's decision. There, Tafoya was being held in custody for driving under the influence ("DUI"). *Tafoya*, ¶ 1, 434 P.3d at 1194. DUI is a misdemeanor, but given Tafoya's three prior convictions for DUI, the People charged her with "DUI—fourth or subsequent offense," a class 4 felony. *Id.* at ¶ 7. Because section 16-5-301(1)(b)(II) permits an in-custody defendant accused of a class 4 felony to demand and receive a preliminary hearing, we considered whether Tafoya was accused of a class 4 felony DUI "or whether, in substance, she was charged with a misdemeanor DUI and a separate sentence enhancer." *Id.* at ¶ 20, 434 P.3d at 1196. In concluding that she was charged with a class 4 felony DUI, we observed that the relevant statutory provisions "authorize the People to charge certain repeat DUI offenders with a class [4] felony" and that the single count in "the complaint . . . unequivocally accuse[d] Tafoya of the authorized class [4] felony." *Id.* at ¶ 24, 434 P.3d at 1196. We therefore held that she was entitled to a preliminary hearing. *Id.* at ¶ 2, 434 P.3d at 1194.

¶19 But the People maintain that *Tafoya* is distinguishable because Vanness is charged with a substantive offense (a level 4 drug felony) that does not qualify for a preliminary hearing and then separately charged with a special offender sentence-enhancing count, and, according to the People, our caselaw establishes that a defendant is never entitled to demand and receive a preliminary hearing on a sentence-enhancing count. Thus, assert the People, we should resolve this

11

original proceeding by consulting *Maestas v. District Court*, 541 P.2d 889, 890 (Colo. 1975), which held that the defendant was not entitled to a preliminary hearing on habitual criminal counts, and *Brown v. District Court*, 569 P.2d 1390, 1391 (Colo. 1977), which held that the defendant was not entitled to a preliminary hearing on a crime-of-violence sentence-enhancing count.

¶20 The People's analytical framework is inherently flawed. Were we to adopt it, Vanness's claim would rise or fall based on whether the special offender allegation is an element of a substantive offense or a sentence enhancer. But we made clear in *Tafoya* that this distinction is not necessarily dispositive for purposes of determining a defendant's eligibility for a preliminary hearing. *See Tafoya*, ¶ 27, 434 P.3d at 1197 ("And regardless of whether Tafoya's prior convictions could be deemed sentence enhancers, the prosecution 'accused' Tafoya of committing a class [4] felony DUI, and she remains in custody on that charge."). Irrespective of whether the prior DUI convictions in *Tafoya* were considered elements or sentence enhancers, Tafoya was entitled to a preliminary hearing because the People had *accused* her of and *charged* her with a class 4 felony. *Id.*

¶21 We continue on the trail blazed by *Tafoya* and conclude that what matters here is that the applicable statutory scheme authorizes the People to charge Vanness with a level 1 drug felony and, through counts 1 and 2, that is precisely what the People have done. It follows that Vanness is entitled to a preliminary

12

hearing. A defendant is entitled to a preliminary hearing if he is accused of a level 1 drug felony and charged accordingly.

¶22 *Maestas* and *Brown* remain good law, but are inapposite. True, our decisions in those cases were rooted in our determinations that habitual criminal counts and crime-of-violence counts do not define substantive offenses but merely allege circumstances that, if proven, require more severe penalties for the defendant in the event he is found guilty of a specific crime. *Maestas*, 541 P.2d at 890; *Brown*, 569 P.2d at 1391. But in neither case did any sentence-enhancing count affect the class of a felony charged. The habitual criminal counts in *Maestas*, if proven, would have required a longer sentence but could not have impacted the class of a felony charged. *Maestas*, 541 P.2d at 890 ("The Habitual Criminal Statute . . . does not define a substantive offense"; it only prescribes a more severe sentence for one convicted of a specific crime.). Similarly, the crime-of-violence count under scrutiny in *Brown*, if proven, would have yielded a harsher sentence but could not have changed the class of a felony charged. *Brown*, 569 P.2d at 1391 ("It is obvious that the legislature intended the violent crimes sentencing statute to be just that —a sentencing provision, and not an offense."). Because habitual criminal counts and crime-of-violence counts seek *solely* to punish a defendant more severely for committing a crime charged in another count, they clearly do not qualify for a preliminary hearing.

13

¶23    *Felts* is of the same ilk as *Maestas* and *Brown*. The version of the special offender statute at issue there, section 18-18-107, C.R.S. (1985 Cum. Supp.), did not affect the class of any felony charged. Rather, it merely required the court to impose a harsher sentence on any defendant convicted of certain drug crimes when one of the extraordinary aggravating circumstances identified was present.[5]

¶24    The delineation we struck in *Maestas* and *Brown*—and the one drawn by the division in *Felts*—between substantive offenses and sentence enhancers was not feasible in *Tafoya* and is not feasible here. Much like the felony DUI statutory provisions confer "qualities of both elements of [a substantive] offense and sentence enhancers" on a defendant's prior DUI convictions, *see Tafoya*, ¶ 27, 434 P.3d at 1197, section 18-18-407 accords those types of hybrid qualities to the "aggravating circumstances" that make a defendant a "special offender." In *Tafoya*, the defendant's prior DUI convictions, if proven, would have required a harsher sentence but would have also converted the classification of the charged

---

[5] While the special offender statute today elevates the level of the drug felony charged to a level 1 drug felony when it is committed "under any one or more of the [listed] aggravating circumstances,"§ 18-18-407(1), its predecessor was strictly a sentence enhancer, *see* § 18-18-107(1) ("Upon a felony conviction under . . . part 4, the presence of any one or more of the [listed] extraordinary aggravating circumstances . . . shall require the court to sentence the defendant to a term greater than the presumptive range for a class 2 felony but not more than twice the maximum term" in that presumptive range.).

crime from a misdemeanor to a class 4 felony. Here, the aggravating circumstance alleged in count 2, if proven, will require a harsher sentence but will also alter the level of the charged crime in count 1 from a level 4 drug felony to a level 1 drug felony.

¶25 In deciding whether the People have "accused" Vanness of an offense eligible for a preliminary hearing and have so "charg[ed]" him, we cannot ignore the special offender allegation any more than we could ignore the allegation related to the prior DUI convictions in deciding whether Tafoya was entitled to a preliminary hearing. In line with our holding in *Tafoya*, since the special offender allegation against Vanness—regardless of whether it is deemed an element or a sentence enhancer—affects the level of the drug felony he has been accused of and charged with, it must be considered in determining whether he has a right to a preliminary hearing.

¶26 That the People in *Tafoya* charged a class 4 felony in a single count whereas the People here have charged Vanness with a level 1 drug felony through two separate counts is of no moment. Whether through a single count or through multiple counts, the People have accused Vanness of committing a level 1 drug felony and have charged him accordingly. Moreover, to hold otherwise would be to prioritize form over substance and would improperly hinge Vanness's

15

eligibility for a preliminary hearing on the People's choice to charge him through two separate counts instead of a single count.

¶27 Nor do we find persuasive the People's other form-over-substance attempt to distinguish *Tafoya*. The People ask us to deviate from *Tafoya* on the ground that the class 4 felony DUI involved a single statute, whereas Vanness is charged pursuant to two separate statutes—section 18-18-403.5(1), (2)(a) (possession of a schedule I or II controlled substance) and section 18-18-407(1)(d)(II) (the special offender statute). We decline the People's invitation. The fact that the legislature elected to set forth the special offender aggravating circumstances in a separate statute, not as part of the statute addressing the unlawful possession of a schedule I or II controlled substance, is of no consequence to our analysis. Vanness is entitled to a preliminary hearing because he has been accused by the People of committing a level 1 drug felony and the People have charged him consistent with that accusation.

¶28 The People nevertheless insist that Vanness is not entitled to a preliminary hearing under *People v. Garcia*, 176 P.3d 872 (Colo. App. 2007). In *Garcia*, the defendant was charged with: (1) third degree assault, a class 1 misdemeanor; and (2) a habitual domestic violence offender count, which, if proven, would have made the misdemeanor charged a class 5 felony subject to mandatory sentencing and thus eligible for a preliminary hearing under section 16-5-301(1)(a) and

16

Rule 7(h)(1). *Id.* at 872. In opposing the defendant's request for a preliminary hearing, the People argued that the only "felony charge[]" was the habitual domestic violence offender count, which "was a sentence enhancer and not a substantive charge." *Id.* The district court sided with the defendant and dismissed the habitual domestic violence offender count because the People had failed to present evidence in support of it at the preliminary hearing. *Id.* at 872–73. The People appealed, and a division of the court of appeals reversed, finding that the charge accusing the defendant of misdemeanor third degree assault was a substantive offense, but that the habitual domestic violence offender count was not. *Id.* at 873. Because the only "substantive charge" was a misdemeanor, the division concluded that the defendant was not entitled to a preliminary hearing pursuant to section 16-5-301(1)(a). *Id.* at 874.

¶29 We recognize that, like Vanness, the defendant in *Garcia* was accused through two separate counts, which, when considered together, charged a felony that qualified for a preliminary hearing. As well, the habitual domestic violence offender statute in *Garcia* accorded mixed qualities of elements of a substantive offense and sentence enhancers to the defendant's prior domestic violence convictions. If proven, those prior convictions would have simultaneously subjected the defendant to more severe punishment and transformed the charge from a class 1 misdemeanor to a class 5 felony. Pointing to these similarities, the

17

People contend that *Garcia* supports their position. Be that as it may, we are not bound by *Garcia*. And, to the extent it is inconsistent with this opinion, it is now overruled.

¶30 In sum, we conclude that Vanness is entitled to a preliminary hearing on counts 1 and 2 because, through those counts, the People have accused him of committing a level 1 drug felony and have charged him accordingly.[6]

## V. Conclusion

¶31 For the foregoing reasons, we conclude that the district court erred in denying Vanness's request for a preliminary hearing. Therefore, we make the rule to show cause absolute.

---

[6] In *Tafoya*, we said that difficult issues remain in the felony DUI context, including with respect to whether the People must present proof of the defendant's prior DUI convictions at a preliminary hearing. *Tafoya*, ¶ 28 n.2, 434 P.3d at 1197 n.2 (explaining that we were deferring the question because it was not fully briefed). Nothing in today's opinion alters that statement. Though we conclude that Vanness is entitled to a preliminary hearing on both counts, which means that the People will have to present evidence at the hearing of the aggravating circumstance alleged in the special offender count, the aggravating circumstance here, unlike Tafoya's DUI record, is not related to the defendant's criminal history; it is more akin to the value of the property allegedly taken in *Simpson*.

18