488 P.3d 1127
In Re The PEOPLE of the State of Colorado, Plaintiff
v. Patrick S. KEEN, Defendant.
Supreme Court Case No. 20SA423 Supreme Court of Colorado.
June 14, 2021
Attorneys for Plaintiff: Beth McCann, District Attorney, Second Judicial District, Richard F. Lee, Deputy District Attorney Denver, Colorado
Attorneys for Defendant: Megan A. Ring, Public Defender, Robert Halpern, Deputy Public Defender Denver, Colorado
En Banc
JUSTICE SAMOUR delivered the Opinion of the Court. ¶1 Just last term, we decided in Allman v. People that a district court lacks authority under our general sentencing statutes to sentence a defendant to prison for one offense and to probation for another in a multi-count case. 2019 CO 78, ¶ 28, 451 P.3d 826, 833. But in People v. Manaois, one of the two lead companion cases we announce today (this case being the other), we conclude that Allman's prison-probation sentencing prohibition, while alive and well, is inapplicable in certain instances. People v. Manaois, 2021 CO 49, ¶ 5, –––P.3d ––––. Specifically, Manaois teaches that the rule of Allman doesn't apply in multi-count cases where a defendant receives: (1) a prison sentence for a non-sex offense; and (2) a consecutive probation sentence for a "sex offense" pursuant to the Sex Offender Lifetime Supervision Act ("SOLSA"), requiring participation in Sex Offender Intensive Supervision Probation ("SOISP"). Id. The question we confront in this original proceeding is whether Manaois 's ruling extends to a case where the defendant receives a prison sentence for a non-sex offense and a consecutive probation sentence for an offense that does not qualify as a "sex offense" but that nevertheless falls within SOLSA's scope and requires participation in SOISP.1 We answer yes. ¶2 Guided by Manaois and SOLSA's legislative history, we now hold that Allman does not prohibit courts from sentencing a defendant in a multi-count case to prison for a non-sex offense followed by SOISP for another offense—regardless of whether the latter is a sex offense requiring an indeterminate sentence or a sex-related offense requiring a determinate sentence. So long as the probation sentence in that scenario falls within the confines of SOLSA (as does every SOISP sentence), Allman's sentencing restriction is inapplicable. ¶3 Manaois, it is true, hinges substantially on our determination that a provision in SOLSA's mandatory indeterminate sentencing statute—a statute that applies exclusively to sex offenses—reflects the legislature's intent to permit consecutive prison-probation sentencing in cases that include a sentence for a non-sex offense and a sentence for a sex offense.2 Id. at ¶ 61. Because the legislature's intent is not so clear where a case includes a sentence for a non-sex offense and a sentence for a sex-related offense , we must peek behind the legislative curtain. SOLSA's legislative history convinces us that when the legislature amended an earlier draft of SOLSA to remove sex-related offenses from the scope of the mandatory indeterminate sentencing statute, it did so solely to provide parties more plea bargaining flexibility in cases charging a sex offense (i.e., to permit a defendant charged with a sex offense to plead guilty to a sex-related offense and thereby avoid an indeterminate sentence while allowing the prosecution to require compliance with SOLSA's treatment and supervision provisions). To hold, as we do in Manaois , that SOLSA allows courts to impose a prison sentence for a non-sex offense and a consecutive indeterminate SOISP sentence for a sex offense in a multi-count case, but then reach a different result where, as here, a multi-count case involves a prison sentence for a non-sex offense and a determinate SOISP sentence for a sex-related offense , would have the opposite effect of what the legislature intended—it would greatly decrease plea bargaining flexibility in cases like this one. It would also create an unintended internal inconsistency within SOLSA.
¶4 The concerns that drove our decision in Allman are not lost on us. See ¶¶ 33-40, 451 P.3d at 833-35. However, to the extent that those concerns are not assuaged by Manaois, they must take a back seat to the legislature's intent. And, since such concerns flow from the general sentencing statutes, we are required to presume that the legislature was well aware of them when it brought SOLSA into being as modified from a previous draft. Therefore, they do not alter our analysis. ¶5 Finally, our decision to uphold the challenged sentences is buoyed by the crime of violence statute, which is implicated by the non-sex offense in this case. We read the crime of violence statute as differentiating between a mandatory sentence for a crime of violence and any other sentence a defendant receives for a non-violent crime in a multi-count case. While a prison sentence is required for the former, no such sentence is required for the latter. Therefore, we understand the crime of violence statute as permitting prison-probation sentences where a defendant is sentenced for a crime of violence and a non-violent crime in a single case.
¶6 In this case, the defendant, Patrick Keen, received a determinate sentence to SOISP for a sex-related offense (a non-violent crime), and he was ordered to serve it after finishing a prison sentence for a non-sex offense (a crime of violence). The district court later agreed with Keen that Allman rendered his consecutive prison-SOISP sentences illegal and necessitated a resentencing hearing. Because the district court erred, we now make absolute the rule to show cause we issued in response to the People's C.A.R. 21 petition. We remand for further proceedings consistent with this opinion.
I. Facts and Procedural History
¶7 After accusing his girlfriend of cheating, Keen physically assaulted her, forced a bottle into her vagina, and made her douche with an unknown fluid. He was charged with second degree kidnapping (a class 2 felony non-sex offense), sexual assault (a class 3 felony sex offense governed by SOLSA), and misdemeanor assault. A jury acquitted Keen of kidnapping but found him guilty of sexual assault, the lesser misdemeanor offense of false imprisonment, and misdemeanor assault. The district court then sentenced him to concurrent sentences: (1) an indeterminate prison sentence with a minimum term of at least twelve years for the sexual assault; and (2) jail sentences for the misdemeanors. On direct appeal, a division of the court of appeals affirmed Keen's judgment of conviction. ¶8 Thereafter, Keen brought a postconviction claim for ineffective assistance of counsel pursuant to Crim. P. 35(c). During the course of those proceedings, the parties entered into an agreement that required Keen to plead guilty to two added charges—first degree assault (a class 3 felony non-sex offense and a "per se" crime of violence)3 and attempted sexual assault (a class 5 felony sex-related offense governed by SOLSA and a non-violent crime). In exchange, the People agreed to: (1) ask the court to vacate the original guilty pleas, sentences, and judgment of conviction; and (2) recommend a prison sentence of sixteen years for first degree assault and a consecutive SOISP sentence with a determinate term of eight years for attempted sexual assault. After vacating Keen's guilty pleas, sentences, and judgment of conviction, the district court accepted the new guilty pleas and sentenced Keen in accordance with the parties' agreement.
¶9 On the heels of our decision in Allman, Keen filed a motion contending that the district court had lacked authority to impose his consecutive prison-probation sentences. In a thorough, well-written order, the district court agreed with Keen and declared his consecutive prison-probation sentences illegal under Allman .
¶10 As part of its ruling, the district court considered People v. Ehlebracht, 2020 COA 132, 480 P.3d 727, a case involving the legality of consecutive prison-SOISP sentences. A division of the court of appeals concluded there that because the implicated probationary sentence "was imposed under SOLSA, a unique sentencing scheme emphasizing sex offender specific objectives, Allman [didn't] apply." Id. at ¶ 2, 480 P.3d at 730. But the district court here determined that Ehlebracht was inapposite because that case dealt with a prison sentence for a non-sex offense and a consecutive sentence to indeterminate SOISP for a sex offense. By contrast, Keen had received a prison sentence for a non-sex offense and a consecutive sentence to determinate SOISP for a sex-related offense. Viewing Ehlebracht as carving out a narrow exception—one limited to cases including an indeterminate SOISP sentence for a sex offense —the district court held that Allman controlled.
¶11 In light of its ruling, the district court directed counsel to schedule a resentencing hearing. They did so. Before the resentencing hearing, however, the People timely sought our intervention pursuant to C.A.R. 21. For the reasons we articulate next, we chose to exercise our original jurisdiction and issued a rule to show cause.
II. Original Jurisdiction ¶12 Whether to exercise our original jurisdiction under C.A.R. 21 is a matter wholly within our discretion. C.A.R. 21(a)(1). In exercising that discretion, however, we recognize that C.A.R. 21 is narrow in scope—it provides "an extraordinary remedy that is limited in both purpose and availability." People v. Lucy, 2020 CO 68, ¶ 11, 467 P.3d 332, 335 (quoting People v. Rosas, 2020 CO 22, ¶ 19, 459 P.3d 540, 545 ). Thus, in the past, we have exercised our original jurisdiction in limited circumstances, such as "when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, or when a petition raises issues of significant public importance that we have not yet considered." Id. (quoting Rosas, ¶ 19, 459 P.3d at 545 ). ¶13 The People assert that this is an appropriate case for exercise of our original jurisdiction both because they have no other adequate remedy and because their petition raises issues of significant public importance that we have never considered and that are likely to recur. We agree on both scores.
¶14 First, were we to deny the People's petition, Keen's sentences would be altered. Instead of sentences to prison and probation, he'd serve two prison sentences. (Recall that first degree assault requires, at least initially, a prison sentence.)4 Of course, the People could appeal after the resentencing hearing. But resolution of that appeal might take years. And, by then, we may not be able to reinstate Keen's original sentences.
¶15 Second, the People's petition presents a novel question of significant public importance: Does the prison-probation sentencing restriction in Allman apply where a defendant receives a prison sentence for a non-sex offense and a consecutive determinate SOISP sentence for a sex-related offense? And the question will undoubtedly come up again—in point of fact, today we resolve the same question in two other cases.5 Under these circumstances, waiting to act would foster uncertainty and do a disservice to our district courts and the court of appeals, not to mention Coloradans in general.
¶16 Because we agree with the People that exercise of our original jurisdiction is warranted, we proceed to decide whether the sentences imposed on Keen were illegal. We stray from that path briefly now, though, to set forth the controlling standard of review.
III. Standard of Review ¶17 Whether a district court has the authority to impose a particular sentence is a question of statutory interpretation. Allman, ¶ 29, 451 P.3d at 833. We review questions of statutory interpretation de novo. Id.
IV. Analysis ¶18 We begin by setting forth the rationale that leads us to conclude in Manaois that a provision in SOLSA's mandatory indeterminate sentencing statute "reflects the legislature's intent to allow consecutive prison-probation sentences in cases involving a sentence for a non-sex offense and a sentence for a sex offense." Manaois, ¶ 61. Because the mandatory indeterminate sentencing statute applies only to sex offenses, and because no other part of SOLSA addresses the propriety of consecutive prison-probation sentences in cases that include a sentence for a non-sex offense and a sentence for a sex-related offense, we next consult SOLSA's legislative history. That legislative history persuades us that the legislature's intent in removing sex-related offenses from the mandatory indeterminate sentencing statute was never to prohibit consecutive prison-probation sentencing in cases that include a sentence for a non-sex offense and a sentence for a sex-related offense. Instead, the legislature's intent was solely to increase plea bargaining flexibility in cases charging a sex offense. Prohibiting a sentence to prison for a non-sex offense followed by a sentence to SOISP for a sex-related offense would have the opposite effect—it would greatly decrease plea bargaining flexibility in cases charging a sex offense. ¶19 Accordingly, considering our decision in Manaois in conjunction with SOLSA's legislative history, we hold that Allman does not prohibit courts from sentencing a defendant in a multi-count case to prison for a non-sex offense followed by SOISP for another offense. For our purposes, it matters not whether the SOISP sentence imposed in that scenario is for a sex offense (and thus indeterminate) or for a sex-related offense (and thus determinate). ¶20 We proceed to acknowledge the concerns that drove our decision in Allman. But we explain that, to the extent those concerns are not allayed by Manaois, they must take a back seat to the legislature's intent. This is especially the case considering that we are required to presume that the legislature was well aware of such concerns when it revised an earlier draft of SOLSA. Therefore, we determine that they do not alter our analysis.
¶21 We end by concluding that our decision to uphold Keen's sentences is bolstered by the crime of violence statute, which distinguishes between a mandatory sentence for a crime of violence (such as first degree assault) and any other sentence for a non-violent crime (such as attempted sexual assault). While a prison sentence is required for the former, no such sentence is required for the latter. Thus, the district court was authorized to sentence Keen to prison for the violent crime of first degree assault followed by determinate SOISP for the non-violent crime of attempted sexual assault.
A. Manaois Establishes That the Legislature Intended to Allow Consecutive Prison-Probation Sentencing in Cases Involving a Sentence for a Non-Sex Offense and a Sentence for a Sex Offense
¶22 In Manaois, which involves a prison sentence for a non-sex offense and an indeterminate SOISP sentence for a sex offense, we determine that SOLSA is a horse of a different color. Id. at ¶ 50 ("SOLSA is remarkably different from the general sentencing statutes to which Allman is anchored."). Elaborating, we observe that SOLSA is an intricate and stand-alone sentencing scheme—one that was enacted to address challenges which relate exclusively to offenses of a sexual nature and which were not implicated in Allman . Id. at ¶ 3.
¶23 In discussing in granular detail the significant differences between SOLSA and the general sentencing statutes, Manaois highlights the fact that, unlike the general sentencing statutes, SOLSA reflects the legislature's intent to permit consecutive prison-probation sentencing when cases include a sentence for a non-sex offense and a sentence for a sex offense. Id. at ¶ 61. Manaois specifically identifies section 18-1.3-1004(5)(a), C.R.S. (2020), which is part of SOLSA's mandatory indeterminate sentencing statute, as conveying that intent:
[I]n SOLSA, the legislature specifically anticipated that a defendant sentenced for a sex offense could additionally be sentenced for another offense (including a non-sex offense) arising out of the same incident. § 18-1.3-1004(5)(a).... SOLSA places one—and only one—restriction on the sentences that may be issued in that scenario: Section 18-1.3-1004(5)(a) provides that if the court sentences a defendant to prison for the sex offense, it must order that sentence and the sentence for the other offense (whether to prison or probation) to be "served consecutively rather than concurrently." The legislature included no other sentencing restrictions in section 18-1.3-1004(5)(a). It certainly didn't prohibit courts from ordering a sentence to prison for a non-sex offense and a consecutive sentence to SOISP for a sex offense. Manaois, ¶ 57. ¶24 Keen argues, though, that section 18-1.3-1004(5)(a) is limited in scope to sex offenses and does not apply to sex-related offenses. True enough. But that doesn't end the analysis. The fact remains that section 18-1.3-1004(5)(a) reflects the legislature's intent to permit consecutive sentences to prison and SOISP when a case includes a non-sex offense and one of the two categories of offenses covered by SOLSA (i.e., sex offenses). Manaois, ¶¶ 57, 61. That determination begs the question of whether the legislature had the polar-opposite intent when a case includes a non-sex offense and an offense in the other category of offenses governed by SOLSA (i.e., sex-related offenses). To get to the bottom of this inquiry, we must ascertain the legislature's reason for removing sex-related offenses from the ambit of the mandatory indeterminate sentencing statute while keeping them within SOLSA's purview. Because no provision in SOLSA sheds light on the issue or otherwise unveils the legislature's intent, we turn to SOLSA's legislative history to resolve the ambiguity. See § 2-4-203(1)(c), C.R.S. (2020); Colby v. Progressive Cas. Ins. Co., 928 P.2d 1298, 1303 (Colo. 1996) ("Legislative history provides guidance in construing ambiguous statutory language."); Rowe v. People, 856 P.2d 486, 489 (Colo. 1993) ("If a statute is ambiguous, we may determine the intent of the General Assembly by considering the statute's legislative history ....").
B. SOLSA's Legislative History Reveals That the Legislature Meant to Permit Prison-Probation Sentencing in Cases Involving a Sentence for a Non-Sex Offense and a Sentence for a Sex-Related Offense
¶25 In revising one of the final drafts of SOLSA, the legislature bulwarked sex-related offenses from the mandatory indeterminate sentencing regime in section 18-1.3-1004(5)(a) without altogether excluding them from SOLSA's realm. It accomplished this task in two steps. First, it omitted sex-related offenses from the definition of "sex offense," as the mandatory indeterminate sentencing statute applies only to sex offenses. See § 18-1.3-1004. Second, having deleted sex-related offenses from the definition of "sex offense," it pulled them back within SOLSA's grasp by adding explicit references to them in other provisions, including those addressing the treatment and level of supervision required on probation and parole. See §§ 18-1.3-1005(1), - 1007(1)(a), C.R.S. (2020). For example, in section 18-1.3-1007(1)(a), after requiring the establishment of SOISP for persons convicted of a sex offense and sentenced to probation, the legislature pronounced that, "[i]n addition, the court shall require a person, as a condition of probation, to participate in [SOISP] ... if the person is convicted of one of the [sex-related offenses listed therein]." Id. (including, among other sex-related offenses, attempt, conspiracy, and solicitation to commit a sex offense when such "attempt, conspiracy, or solicitation would constitute a class 5 felony"). Similarly, in section 18-1.3-1005(1), after requiring the establishment of the "intensive supervision parole program"—the parole equivalent of SOISP—for any "sex offenders sentenced to incarceration and subsequently released on parole," the legislature proclaimed that, "[i]n addition, the parole board may require a person, as a condition of parole, to participate" in such program "if the person is convicted of [one of the sex-related offenses listed therein]." Id. (setting forth some, but not all, of the sex-related offenses listed in its probation counterpart, section 18-1.3-1007(1)(a)). ¶26 Significantly, SOLSA's legislative history evinces that the General Assembly excluded sex-related offenses from mandatory indeterminate sentencing for one specific reason—to afford flexibility in negotiating plea bargains that may not otherwise be feasible. A statement by a co-sponsor of the bill during the House Judiciary Committee hearing confirms that the legislature was mindful of prosecutors' options in plea bargaining:
What this [amendment] does is it takes out the class 5 felonies and references to class 5 and 6 [felonies]. And the reason we are doing this is: I had a long conversation with [elected District Attorney] Bob Grant and the DAs. They wanted that ability to be able to plea bargain. And this does it for them.
Hearing on HB 98-1156 before the H. Judiciary Comm., 61st Gen. Assemb., 2d Sess. (Jan. 27, 1998) (statement of Representative Anderson). But the revisions weren't a one-way street; the legislature meant to help defendants too. In response to concerns advanced by a member of the defense bar that the proposed amendment would "thwart plea bargaining" and yield mandatory life sentences for all sex offenses, a co-sponsor of the bill in the Senate prophetically remarked that the modified draft of SOLSA "would increase plea bargains" because defendants seeking to avoid an indeterminate sentence "are going to be looking for a class 5 or 6 [felony] to plead to, to get them out from under the [indeterminate sentencing mandate]." Hearing on HB 98-1156 before the S. Judiciary Comm., 61st Gen. Assemb., 2d Sess. (Apr. 29, 1998) (statement of Senator Wells).
¶27 The legislature understood the importance of plea bargaining flexibility in this area, and its amendment to SOLSA's earlier draft was a harbinger of things to come. As it turns out, many of the state's prison-probation sentences appear to involve determinate SOISP sentences for sex-related offenses in cases charging a sex offense. That's not surprising considering the competing interests at play.
¶28 Indeed, the People may look at a multi-count case charging a sex offense and determine that, while some amount of prison is necessary, an indeterminate sentence, potentially for the rest of the defendant's life, would be draconian given the nature of the allegations. By the same token, the People may believe that securing a conviction that triggers an SOISP sentence in such a case is essential to ensure that the defendant receives proper treatment and supervision. In balancing these concerns, the People may negotiate a plea bargain requiring a determinate prison sentence for a non-sex offense and a consecutive determinate SOISP sentence for a sex-related offense. Such a plea agreement would allow the defendant to avoid an indeterminate sentence while fulfilling the People's objectives related to treatment and supervision under SOLSA. If that seems familiar, it should—it's precisely the type of plea bargain the People struck with Keen. This disposition would not have been possible, however, if the legislature hadn't revised the earlier draft of SOLSA by removing sex-related offenses from the breadth of the mandatory indeterminate sentencing statute.
¶29 From a defendant's perspective, flexibility in plea bargaining is just as valuable, if not more so, because of the severe consequences of a mandatory indeterminate sentence. A plea bargain offer that includes a sex offense (i.e., a mandatory indeterminate sentence) is likely to be a nonstarter in many cases—and for good reason. Whether a defendant accepts or rejects such an offer, he would face a potential life sentence, but trial would at least afford him a chance to avoid criminal liability altogether. Consequently, had sex-related offenses remained subject to mandatory indeterminate sentencing—that is to say, had sex-related offenses remained sex offenses—many defendants charged with a sex offense would likely feel compelled to turn down the People's plea bargain offer, opting instead to proceed to trial. The legislature averted that result by amending one of the final drafts of SOLSA.
¶30 Given the legislature's motivation for removing sex-related offenses from the purview of the mandatory indeterminate sentencing statute, we cannot conclude that, in failing to refer to sex-related offenses in section 18-1.3-1004(5)(a), the legislature meant to prohibit consecutive prison-probation sentences in a case involving a sentence for a non-sex offense and a sentence for a sex-related offense.6 In our view, the most reasonable inference that can be drawn from SOLSA's legislative history is that the legislature at no point sought to prevent courts from sentencing a defendant in a multi-count case to prison for a non-sex offense and to consecutive SOISP (whether for a sex offense or for a sex-related offense). To hold, as we do in Manaois, that SOLSA allows courts to impose a prison sentence for a non-sex offense and a consecutive indeterminate SOISP sentence for a sex offense in a multi-count case, but then reach a different result where, as here, a multi-count case involves a prison sentence for a non-sex offense and a determinate SOISP sentence for a sex-related offense, would thwart legislative intent—it would greatly decrease plea bargaining flexibility in cases like this one. It would also create an unintended internal inconsistency within SOLSA.
¶31 In short, relying on our holding in Manaois and SOLSA's legislative history, we now rule that Allman does not prohibit courts from imposing a prison sentence for a non-sex offense and a consecutive determinate SOISP sentence for a sex-related offense in a multi-count case. Accordingly, nothing in Allman barred the district court from imposing the prison-SOISP sentences Keen challenges.
C. The Concerns We Expressed in Allman Do Not Alter Our Decision
¶32 To be clear, we do not overlook the concerns Allman identified in relation to the imposition of consecutive prison-probation sentences. See ¶ 39, 451 P.3d at 834-35. As in Manaois, however, such concerns do not dissuade us from declaring the legality of the sentences under scrutiny. Manaois, ¶¶ 65-67.
¶33 We recognize that Manaois quells two of the Allman concerns by separately relying on the indeterminate sentence imposed on Manaois and his underlying guilty plea to a sex offense. Specifically, we explain in Manaois that "by calling for indeterminate probation and parole as to all sex offenses," SOLSA "renders ... moot" our worry in Allman that allowing a probation sentence to begin after completion of a prison sentence would impermissibly extend post-incarceration supervision beyond statutorily limited parole periods. Id. at ¶ 53. Likewise, we point out in Manaois that, rather than include a restriction mirroring the cap on confinement that courts may impose as a condition of a probationary sentence under the general sentencing statutes, SOLSA permits, as a condition of an SOISP sentence for a sex offense, "placement ... in a residential community corrections program for whatever ‘minimum period’ the court chooses." Id. at ¶ 55 (quoting § 18-1.3-1004(2)(b) ). Because Keen received a determinate, not indeterminate, SOISP sentence, and because he pled guilty to a sex-related offense, not a sex offense, Manaois offers no refuge against these particular Allman concerns. ¶34 This reality, however, does not persuade us to reach a different conclusion. Regardless of what concerns may be inherent in prison-probation sentencing, we're aware of no authority that gives us license to ignore the legislature's intent where, as here, we're able to discern it. State v. Nieto, 993 P.2d 493, 501 (Colo. 2000) (observing that the court's "ultimate goal is to determine and give effect to the intent of the General Assembly"). In other words, we can't rely on such concerns to override legislative intent permitting courts to sentence a defendant in a multi-count case to prison for a non-sex offense followed by SOISP for a sex-related offense. ¶35 Notably, the two Allman concerns described above are rooted in the general sentencing statutes, and our jurisprudence calls on us to presume that the legislature was well aware of such statutes when it infused SOLSA with more plea bargaining flexibility. See LaFond v. Sweeney, 2015 CO 3, ¶ 12, 343 P.3d 939, 943 ("Courts presume the legislature is aware of its own enactments ...."). Whatever concerns may arise as a result of sanctioning consecutive prison-SOISP sentences, they certainly did not stop the legislature from enacting SOLSA as amended from a previous draft. And now it is up to us to honor the legislature's intent. We do so by concluding that courts are empowered to sentence a defendant in a multi-count case to prison for a non-sex offense followed by SOISP for a sex-related offense.
D. Our Decision to Uphold Keen's Sentences Is Reinforced by the Crime of Violence Statute ¶36 The crime of violence statute buttresses our decision to uphold Keen's sentences. Because one of the two charges to which Keen pled guilty was a per se crime of violence (first degree assault), the crime of violence statute required the district court, at least initially, to impose a prison sentence for that offense. See § 18-1.3-406(1)(a), C.R.S. (2020). In subsection (7)(a) of that statute, the legislature explicitly differentiated between "the mandatory sentence" for a crime of violence and "any other sentence" that a defendant receives for a separate non-violent crime.7 § 18-1.3-406(7)(a). This language conveys to us that a defendant may receive a mandatory prison sentence for a crime of violence and a non-mandatory sentence (including a probation sentence) for a non-violent crime in the same case.
¶37 Had the legislature intended to require courts sentencing someone to mandatory prison for a crime of violence to also impose a prison sentence for a non-violent crime, it presumably would have said as much. That the legislature chose not to do so speaks volumes about its intent, and we are required to give effect to that intent. Granite State Ins. Co. v. Ken Caryl Ranch Master Ass'n, 183 P.3d 563, 567 (Colo. 2008) (explaining that the legislature is presumed to understand "the legal import of the words it use[s]").
¶38 Applying Allman's prison-probation sentencing prohibition to Keen's sentences would be tantamount to adding language to the crime of violence statute. This we cannot do. Dep't of Revenue v. Agilent Techs., Inc., 2019 CO 41, ¶ 16, 441 P.3d 1012, 1016 ("[W]e must respect the legislature's choice of language, and we will not add words to a statute or subtract words from it.").
¶39 In sum, the language of the crime of violence statute reflects that the legislature did not intend to bar consecutive prison-probation sentences in a multi-count case where a defendant like Keen is convicted of both a crime of violence and a non-violent crime. Accordingly, we view this as additional support for our conclusion that Allman's prison-probation prohibition does not apply here.
V. Conclusion
¶40 After careful inspection, we conclude that Allman's sentencing restriction doesn't apply in a case where, as here, the defendant receives a prison sentence for a non-sex offense and a consecutive SOLSA sentence. Consequently, the district court was authorized to impose consecutive sentences to prison for first degree assault (a non-sex offense) and to SOISP for attempted sexual assault (a sex-related offense). The plea bargain that the People and Keen struck is consistent with the type the legislature contemplated when it amended one of the final drafts of SOLSA. ¶41 The language of the crime of violence statute provides additional support for our decision to uphold Keen's sentences. That language reflects that the legislature did not intend to forbid a prison sentence for a violent crime and a consecutive probation sentence for a non-violent crime in a multi-count case.
¶42 Accordingly, we now make the rule absolute. We remand the case to the district court for further proceedings consistent with this opinion.
CHIEF JUSTICE BOATRIGHT dissents, and JUSTICE HART joins in the dissent.
CHIEF JUSTICE BOATRIGHT, dissenting.
¶43 As I explain in greater depth in my dissent to People v. Manaois, 2021 CO 49, ––– P.3d –––– (Boatright, C.J., dissenting), I would follow Allman v. People , 2019 CO 78, 451 P.3d 826, in this case and hold that, when a court sentences a defendant for multiple offenses in the same case, it may not impose imprisonment for some offenses and Sex Offender Intensive Supervised Probation ("SOISP") for others. Accordingly, I respectfully dissent.
¶44 As the majority notes, the issue in this case differs slightly from the issue in Manaois, but as for the majority, this does not change my view of "prison-plus-SOISP" sentences.
¶45 Here, the trial court imposed the SOISP part of the prison-plus-SOISP sentence for an offense that does not qualify as a "sex offense" under the sex-offense probation statute1 but for which the statute, nevertheless, imposes participation in the SOISP program. Maj. op. ¶¶ 1 & n.1, 25. The majority refers to such offenses as "sex-related offenses," id. at ¶ 1 n.1, a term which I adopt. The sex-offense probation statute authorizes courts to sentence defendants to an indeterminate period of SOISP for sex offenses—but not for sex-related offenses. See §§ 18-1.3-1004(2)(a), - 1003(4) - (5), C.R.S. (2020). As a result, when courts sentence defendants for sex-related offenses, they may impose determinate periods of SOISP. Maj. op. at ¶¶ 1 n.1, 25. This case asks, therefore, whether determinate—as opposed to indeterminate—periods of SOISP affect whether courts may impose prison-plus-SOISP sentences.
¶46 I rest my conclusion in Manaois — that the legislature did not intend to allow courts to sentence defendants to both imprisonment and SOISP in multi-count cases—primarily on the relationship between the general and sex-offense probation statutes as well as our reasoning in Allman, not on the indeterminate period of SOISP for sex offenses. Because determinate periods of SOISP for sex-related offenses change neither the relationship between the general and sex-offense probation statutes nor our reasoning in Allman , I maintain that the legislature did not intend to allow courts to sentence defendants to both imprisonment and SOISP in multi-count cases.
¶47 I discuss the indeterminate period of SOISP for sex offenses at two points in my dissent to Manaois, and I briefly address both here. First, the provision of the sex-offense probation statute that authorizes courts to sentence sex offenders to an indeterminate period of SOISP demonstrates that the sex-offense probation statute modifies and supplements —but does not replace—the general probation statutes. Manaois, ¶ 74 (Boatright, C.J., dissenting) ("The sex-offense probation statute modifies, therefore, only the length of probation which courts may impose by allowing indeterminate periods for sex offenders."). Although that provision does not apply to sex-related offenses, because it demonstrates that the sex-offense probation statute—which also authorizes courts to impose determinate periods of SOISP for sex-related offenses—belongs to a unified probation scheme with the general probation statutes, id. at ¶ 78, and we examined the general probation statutes in Allman, it remains relevant and persuasive here.
¶48 Second, the indeterminate period of SOISP for sex offenses helps demonstrate that the legislature did not intend to allow courts to sentence defendants to both imprisonment and SOISP in multi-count cases. Id. at ¶¶ 80, 88-89. In particular, the discrepancy between the length of post-incarceration probation and mandatory periods of parole suggests that the legislature did not intend to allow sentences to both imprisonment and probation in multi-count cases: "When courts impose prison-plus-SOISP sentences for sex offenses ..., they extend the period of post-incarceration supervision beyond [the] limits [set by the legislature with mandatory periods of parole] because the indeterminate period of SOISP for any sex offense exceeds the determinate periods of parole for non-sex offenses." Id. at ¶ 88.
¶49 Admittedly, the determinate periods of SOISP that courts may impose for sex-related offenses may eliminate this discrepancy. With determinate periods of SOISP for sex-related offenses, prison-plus-SOISP sentences will not necessarily extend the period of post-incarceration supervision beyond the limits set by the legislature because the determinate periods of SOISP for sex-related offenses will not necessarily exceed the determinate periods of parole for non-sex offenses. Because I conclude that that the legislature did not intend to allow courts to sentence defendants to both imprisonment and SOISP in multi-count cases based on the collective weight of the reasons in that part of my dissent in Manaois, however, the elimination of one reason does not change my conclusion. Id. at ¶ 88 n.26.
¶50 Here, nonetheless, the determinate period of SOISP for the sex-related offense does exceed the determinate period of parole for the non-sex offense. The defendant, Keen, pled guilty to first-degree assault, a class 3 felony, and attempted sexual assault, a class 5 felony. The terms of the plea agreement, which the trial court imposed, recommended sixteen years in prison on the first-degree assault charge, followed by a determinate period of SOISP—eight years—on the attempted sexual assault charge. At the time Keen committed the offenses, however, the legislature specified five years as the mandatory period of parole for class 3 felonies such as first-degree assault. § 18-1.3-401(1)(a)(V)(A), C.R.S. (2020) (for felonies committed after July 1, 1993, and before July 1, 2018). Therefore, the trial court extended the period of post-incarceration supervision beyond the five-year limit specified by the legislature when it imposed an eight-year period of SOISP.
¶51 In sum, I agree with the majority when it says that "it matters not whether the SOISP sentence imposed ... is for a sex offense (and thus indeterminate) or for a sex-related offense (and thus determinate)." Maj. op. ¶ 19. In my view, however, neither is allowed.
¶52 Here, the trial court correctly determined that Keen pled guilty under the terms of a plea agreement that recommended an illegal prison-plus-SOISP sentence. I would further direct the trial court to vacate Keen's guilty plea as invalid on those grounds. Hence, I would discharge the rule to show cause.
I am authorized to state that JUSTICE HART joins in this dissent.
1 SOLSA encompasses any "sex offense," as that term is defined in section 18-1.3-1003(5), C.R.S. (2020). In one of the final drafts of SOLSA, however, the legislature removed from the definition of "sex offense" some sex-related offenses to insulate them from mandatory indeterminate sentencing. Yet, critically, the legislature kept such offenses within SOLSA's ambit by adding explicit references to them in other provisions, including those addressing the treatment and level of supervision required on probation and parole. Though these offenses are technically non-sex offenses (as they're not included in the definition of "sex offense"), we call them "sex-related offenses" in this opinion because they come under SOLSA's umbrella; when we use the term "non-sex offenses," we mean offenses that are completely outside SOLSA's purview.
2 Any statements in this opinion referring either to the legislature's intent to permit consecutive prison-probation sentences or to a court's authority to impose them must be understood as subject to the proviso that such sentences are otherwise authorized by law.
3 When a statute defining a crime prescribes mandatory sentencing in accordance with the crime of violence statute but without regard for compliance with any special pleading and proof requirements, the crime is known as a "per se" crime of violence. People v. Austin, 2018 CO 47, ¶ 8, 419 P.3d 587, 588-89. Sentencing in accordance with the crime of violence statute requires, at least initially, a prison sentence of not less than the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense. § 18-1.3-406(1)(a), C.R.S. (2020).
4 The same requirement existed at the time Keen pled guilty. See § 18-1.3-406(1)(a), C.R.S. (2019).
5 See People v. Coleman, 2021 CO 52, ––– P.3d –––– ; People v. Rainey, 2021 CO 53, ––– P.3d ––––. We also contemporaneously announce People v. Lowe, 2021 CO 51, ––– P.3d ––––, which raises essentially the same question we address in Manaois.
6 SOLSA's legislative history reveals that, having deleted sex-related offenses from the definition of "sex offense," the legislature never accounted for the change in section 18-1.3-1004(5)(a). Before that revision, sex-related offenses were sex offenses and were subject to section 18-1.3-1004(5)(a). Like section 18-1.3-1004(5)(a), SOLSA's legislative declaration refers only to sex offenses and was not modified after the legislature omitted sex-related offenses from the definition of "sex offense." See § 18-1.3-1001, C.R.S. (2020). There is zero discussion in the legislative history indicating that the legislature meant to treat sex-related offenses and sex offenses differently for purposes of section 18-1.3-1004(5)(a) and the legislative declaration.
7 The legislature also anticipated a situation where a defendant is convicted of two crimes of violence. § 18-1.3-406(1)(a). In that scenario, if the crimes arose from the same incident, the court must impose a prison sentence for each and order that the sentences be "served consecutively rather than concurrently." Id.
1 I use slightly different terminology than the majority. What the majority refers to as the "general sentencing statutes," I call the "general probation statutes." What the majority refers to as the "Sex Offender Lifetime Supervision Act" ("SOLSA"), I call the "sex-offense probation statute."